**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| CATHERINE SPOON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FAST RESPONSE HEATING & COOLING, LLC<br><br>Defendant. | No. 3:26-cv-01852-K<br><br><u>JURY TRIAL DEMANDED</u> |

**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

1. Catherine Spoon ("Plaintiff"), through her attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Fast Response Heating & Cooling, LLC ("Fast Response" or "Defendant").

2. This class action arises from Defendant's transmission of unsolicited telemarketing text messages to telephone numbers registered on the National Do-Not-Call Registry, in violation of regulations promulgated under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, including 47 C.F.R. § 64.1200(c).

3. This case is also brought pursuant to the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001 et seq. (the "Texas Act").

4. Section 305.053(a) of the Texas Act independently authorizes a civil action by a person who receives a communication that violates "47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A."

5. Plaintiff's Texas claim is predicated, among other things, on Defendant's text messages violating 47 C.F.R. § 64.1200(c), a regulation adopted under 47 U.S.C. § 227.

6. Defendant used unsolicited telemarketing text messages to promote its heating and cooling services to Plaintiff even though Plaintiff's residential telephone number was registered on the National Do-Not-Call Registry and Plaintiff had never consented to receive Defendant's solicitations. Those communications violated 47 C.F.R. § 64.1200(c)(2).

7. Now, Plaintiff brings this class action on behalf of herself, and all others harassed by Defendant and its unlawful telemarketing tactics.

## PARTIES

8. Plaintiff, Catherine Spoon, is a natural person and a citizen of Texas in this District.

9. Defendant, Fast Response Heating & Cooling, LLC is a corporation that made calls into Texas.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

11. This Court has personal jurisdiction over Defendant because it directed telemarketing calls to Texas which establishes sufficient minimum contacts for claims arising from those telemarketing calls.

12. Thus, Defendant knew, or should have known, that it was directing telephone solicitations into Texas.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

14. This Court has supplemental jurisdiction over Plaintiff's Texas-law claim under 28 U.S.C. § 1367 because that claim forms part of the same case or controversy as Plaintiff's federal TCPA claim.

## BACKGROUND

***The Telephone Consumer Protection Act***

15. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

16. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

17. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

18. Pursuant to 47 U.S.C. § 227(c), the Federal Communications Commission promulgated regulations governing telephone solicitations and protecting residential subscribers from unwanted telemarketing communications, including 47 C.F.R. § 64.1200(c).

19. For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id*.

20. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

21. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

22. The Supreme Court has recognized that a text message to a cellular telephone qualifies as a "call" within the compass of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016). Consistent with that treatment, the FCC's implementing regulations expressly define both "telemarketing" and "telephone solicitation" to encompass a telephone "call or message." 47 C.F.R. § 64.1200(f)(13), (15).

23. Section 64.1200(c)(2) provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Such registrations must be honored indefinitely. Id.

24. For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the

same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

***The Texas Telephone Solicitation Act***

25. The Texas Legislature enacted the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001 et seq. (the "Texas Act"), to protect Texas residents from intrusive and unwanted telemarketing communications.

26. Like its federal counterpart, the Texas Act was enacted to safeguard the privacy rights of individuals and to prevent the nuisance, invasion of privacy, and disruption caused by unsolicited telemarketing communications.

27. The Texas Act regulates "telephone solicitations," which are defined as telephone calls or messages initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Tex. Bus. & Com. Code § 305.001.

28. The Texas Act independently provides that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication." Tex. Bus. & Com. Code § 305.053(a).

29. Section 305.053(a) thus expressly authorizes an action for receipt of a communication that violates a regulation adopted under 47 U.S.C. § 227, including 47 C.F.R. § 64.1200(c), independent of whether the communication separately gives rise to a private cause of action under 47 U.S.C. § 227(c)(5).

30. As alleged above, 47 C.F.R. § 64.1200(c)(2), a regulation adopted under 47 U.S.C. § 227(c), prohibits the initiation of a "telephone solicitation" to a residential telephone subscriber whose number is registered on the National Do-Not-Call Registry.

31. The regulations define a "telephone solicitation" to include the initiation of a telephone "call or message" for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. 47 C.F.R. § 64.1200(f)(15).

32. Accordingly, a telemarketing text message that constitutes a "telephone solicitation" and is initiated to a residential telephone number registered on the National Do-Not-Call Registry violates 47 C.F.R. § 64.1200(c)(2).

33. A person who receives such a communication may bring an action under Tex. Bus. & Com. Code § 305.053(a) because the communication violates a regulation adopted under 47 U.S.C. § 227.

34. Under the Texas Act, a prevailing plaintiff may recover statutory damages of $500 per violation, and up to $1,500 per violation for knowing or intentional conduct. Tex. Bus. & Com. Code § 305.053.

35. The Texas Act also authorizes injunctive relief to prevent further unlawful telephone solicitations.

***Plaintiff Catherine Spoon and Defendant's Text Message Contact***

36. Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

37. Plaintiff's cellular telephone number is 214-727-XXXX (the "telephone number").

38. To avoid unsolicited telemarketing calls, the number has been on the National Do-Not-Call Registry since March 19, 2026.

39. Plaintiff uses her telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

40. During this time period, Plaintiff has been the sole remunerator (i.e., payer) for any bills arising from her telephone number.

41. Plaintiff has never received a reimbursement from any business for her telephone number.

42. Plaintiff has never taken a business-related tax-deduction for her telephone number.

43. The Plaintiff does not have a landline telephone.

44. As explained below, Defendant violated the TCPA numerous times.

45. Plaintiff received texts from Defendant starting in May of 2026.

46. The messages originated from the telephone number (817) 646-4456.

47. The messages identified Fast Response Heating & Cooling as the sender and promoted Defendant's services.

48. Images of the text messages are below:


4:23
5Guc
(817) 646-...
Reply 1 to schedule or Call 945-202-1009.
Reply X to stop. Reply X to unsubscribe.
Tuesday • 3:38 PM
Not sure who to call for AC help?
Fast Response is offering a $29 AC Tune-Up (Reg. $149) for Dallas–Fort Worth homes—no obligation, just peace of mind.
Reply 1 and we will reach out, or Call 945-202-1009.
Reply X to stop.
3:38 PM
Text mess...


4:22
5GUC
(817) 646-...
Saturday • 9:04 AM
Texting with (817) 646-4456 (SMS/MMS)
DFW homeowners—beat the Texas heat before it hits 🔥
Fast Response is offering a $29 AC Summer Safety Check (Reg. $149) to prevent breakdowns & high bills.
Reply 1 to schedule or Call 945-202-1009.
Reply X to stop. Reply X to unsubscribe.
Tuesday • 3:38 PM
Text mess...

49. Each of the above messages expressly promoted Defendant's heating and cooling services, advertised discounted service offerings, encouraged recipients to schedule appointments, and provided a telephone number for purchasing or obtaining Defendant's services.

50. The text messages received by Plaintiff were uniform in format and content and were part of mass promotional campaigns offering discounts, sales, and limited-time promotions for Defendant's services.

51. Each message contained a discounted promotional offer designed to induce recipients to purchase Defendant's services, including a "$29 AC Summer Safety Check" and a "$29 AC Tune-Up," both advertised as substantially discounted from an asserted regular price of $149.

52. The messages expressly identified "Fast Response" by name and exclusively promoted Fast Response's heating and cooling services and promotional offers.

53. Defendant's messages emphasized purported consumer benefits, including avoiding air-conditioning breakdowns, reducing energy bills, obtaining peace of mind, and preparing for anticipated summer temperatures. These statements were intended to persuade recipients to purchase Defendant's services.

54. The messages were Fast Response's own advertisements: they identified Fast Response as the sender, advertised only Fast Response's services, offered specific Fast Response promotional pricing, and directed recipients to schedule the advertised Fast Response services. Fast Response therefore originated and initiated the text messages alleged herein.

55. Plaintiff never provided Defendant with prior express invitation, permission, or consent to send telemarketing text messages to her cellular telephone number.

56. Plaintiff never inquired about Defendant's services, requested information from Defendant, or otherwise initiated contact with Defendant that would have authorized Defendant to send telemarketing text messages.

57. Accordingly, the text messages sent to Plaintiff were sent for the purpose of encouraging the purchase of goods or services and constitute telemarketing within the meaning of the TCPA.

**CLASS ACTION ALLEGATIONS**

58. Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following:

> **National Do Not Call Registry Class:** National Do-Not-Call Registry Class: All persons within the United States: (1) whose residential telephone numbers were registered on the National Do-Not-Call Registry for at least 31 days; (2) who received more than one telemarketing text message initiated by Fast Response to that number within a 12-month period; (3) where the messages constituted telephone solicitations within the meaning of 47 C.F.R. § 64.1200(f)(15); and (4) within the four years preceding the filing of this action.

> **Texas Telephone Solicitation Class:** Texas Telephone Solicitation Class: All persons in Texas: (1) whose residential telephone numbers were registered on the National Do-Not-Call Registry for at least 31 days; (2) who received one or more telemarketing text messages initiated by Fast Response to that number; (3) where the messages constituted telephone solicitations within the meaning of 47 C.F.R. § 64.1200(f)(15); and (4) within the four years preceding the filing of this action.

59. Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

60. Plaintiff reserves the right to amend the class definition.

61. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on class-wide bases using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

62. **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

63. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

64. **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarketing practices.

65. **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. Her interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

66. **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

a. whether Defendant violated the TCPA;

b. whether Defendant violated the TCPA willfully and knowingly;

c. whether Plaintiff is entitled to statutory damages;

d. whether Plaintiff is entitled to treble damages;

e. whether Defendant should be enjoined from further TCPA violations.

67. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

68. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

69. Fast Response initiated and sent multiple telemarketing text messages to Plaintiff and members of the National Do-Not-Call Registry Class for the purpose of encouraging the purchase of Fast Response's heating and cooling services. Those text messages constituted “telephone solicitations” within the meaning of 47 C.F.R. § 64.1200(f)(15).

70. Defendant’s violations were negligent, willful, or knowing.

71. At the time Fast Response initiated and sent these telephone solicitations, Plaintiff's and the Class members' residential telephone numbers had been registered on the National Do-Not-Call Registry for at least 31 days. Fast Response's initiation of these telephone solicitations therefore violated 47 C.F.R. § 64.1200(c)(2).

72. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from sending telemarketing calls, including calls, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
**Violation of the Texas Telephone Solicitation Act**
**(Tex. Bus. & Com. Code § 305.001 et seq.)**

73. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

74. At all relevant times, Plaintiff was a resident of Texas and received Fast Response's telemarketing text messages in Texas. Members of the Texas Telephone Solicitation Class likewise received the communications at issue in Texas.

75. Section 305.053(a) of the Texas Business and Commerce Code provides that “[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication.” Tex. Bus. & Com. Code § 305.053(a).

76. Fast Response originated the telemarketing text messages received by Plaintiff and members of the Texas Telephone Solicitation Class. Fast Response expressly identified itself in the messages, advertised its own heating and cooling services and promotional offers, and directed recipients to respond to schedule the advertised Fast Response services.

77. Section 64.1200(c)(2) of Title 47 of the Code of Federal Regulations, a regulation adopted under 47 U.S.C. § 227(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."

78. The regulations define "telephone solicitation" to include the initiation of a telephone "call or message" for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. 47 C.F.R. § 64.1200(f)(15).

79. Plaintiff's and the Texas Telephone Solicitation Class members' residential telephone numbers were registered on the National Do-Not-Call Registry for at least 31 days when Fast Response originated and sent the telemarketing text messages alleged herein. Because those messages constituted "telephone solicitations," Fast Response's initiation of the messages violated 47 C.F.R. § 64.1200(c)(2).

80. Because Plaintiff and members of the Texas Telephone Solicitation Class received communications that violated a regulation adopted under 47 U.S.C. § 227, they have a cause of action against Fast Response, the person that originated those communications, under Tex. Bus. & Com. Code § 305.053(a).

81. As a result of Fast Response's violations, Plaintiff and members of the Texas Telephone Solicitation Class are entitled to the damages and other relief authorized by Tex. Bus. & Com. Code § 305.053.

82. Plaintiff and members of the Texas Telephone Solicitation Class also seek any additional damages and attorneys' fees authorized by applicable Texas law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An award to Plaintiff and members of the Texas Telephone Solicitation Class of the damages, attorneys' fees, and other relief authorized by Tex. Bus. & Com. Code § 305.053 and other applicable Texas law; and

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

E. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 18th day of August, 2026.

*/s/ Sharon K. Campbell*
Sharon K. Campbell
State Bar # 03717600
6220 Campbell Rd, Suite 300
Dallas, Texas 75248
Telephone: 214/351-3260
Sharon@SharonKCampbell.com

*/s/ Anthony Paronich*
Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*