**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**CATHERINE SPOON,** on behalf of herself and others similarly situated,

*Plaintiff*,

v.

**Case No. 3:26-cv-01852-N**

**FAST RESPONSE HEATING & COOLING, LLC,**

*Defendant*.

______________________________________/

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Pursuant to the Court's August 18, 2026, Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, Plaintiff Catherine Spoon and Defendant Fast Response Heating & Cooling, LLC submit this Joint Report. Counsel conducted the Scheduling Conference required by Federal Rule of Civil Procedure 26(f) on September 9, 2026. Anthony I. Paronich participated for Plaintiff. Jenniffer Cabrera participated for Defendant. No person required to participate failed to do so.

1. **Nature of the Case and Claims and Defenses**

**Plaintiff's Position:** This is a putative class action arising from Defendant's transmission of unsolicited telemarketing text messages. Plaintiff alleges that her cellular telephone number has been registered on the National Do Not Call Registry since March 19, 2026, and that she uses the number for personal, residential, and household purposes. Beginning in May 2026, Plaintiff received multiple text messages promoting Defendant's heating and cooling services. Plaintiff alleges that she did not consent to receive the messages, did not request information from Defendant, and had no established business relationship with Defendant. Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c), and the Texas Telephone

Solicitation Act, Tex. Bus. & Com. Code § 305.001 et seq. Plaintiff seeks statutory damages and injunctive relief on behalf of herself and two proposed classes consisting of persons who received similar telemarketing communications from Defendant or persons acting on its behalf.

**Defendant's Position:** Defendant denies Plaintiff's allegations and denies that Plaintiff or any putative class member is entitled to relief. Plaintiff's claims arise solely from alleged text messages. Plaintiff does not allege that she received any telephone calls from Defendant. Defendant maintains that Count I fails because 47 U.S.C. § 227(c)(5) creates a private right of action for a person who receives more than one "telephone call" within a twelve-month period, and Plaintiff's allegations of text messages do not satisfy the statutory requirement.

Defendant further denies that Plaintiff states an independent claim under Texas Business and Commerce Code § 305.053. Defendant maintains that Plaintiff cannot use an FCC regulation and § 305.053 to obtain a broader private remedy under Texas law for the same alleged text messages that do not give rise to a private action under § 227(c)(5).

Defendant also denies that this action is appropriate for class treatment. Plaintiff seeks to represent two proposed classes encompassing persons who allegedly received similar telemarketing communications, but Defendant maintains that Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23. Among other things, determining liability as to putative class members may require individualized inquiries concerning the communications received, the circumstances under which telephone numbers were obtained or provided, consent, established business relationships, use of the telephone numbers at issue, registration on the National Do Not Call Registry, and other defenses applicable to individual putative class members.

Defendant's Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is currently pending before the Court. The Motion is fully briefed and, if

granted, would dispose of Plaintiff's claims. *See* ECF Nos. 20, 21 and 23. Defendant otherwise reserves all defenses for Plaintiff's individual claims and class allegations.

**2. Related Proceedings**

None.

**3. Deadline to Join Additional Parties**

The parties propose December 15, 2026, as the deadline to file motions for leave to join additional parties.

**4. Deadline to Amend Pleadings**

The parties propose December 15, 2026, as the deadline to file motions for leave to amend the pleadings.

**5. Motion Deadlines**

The parties propose the following deadlines:

- Motions for class certification: July 16, 2027.
- Responses to motions for class certification: August 13, 2027.
- Replies in support of motions for class certification: August 27, 2027.
- Dispositive motions: September 24, 2027.
- Responses to dispositive motions: October 22, 2027.
- Replies in support of dispositive motions: November 5, 2027.
- Motions in limine: December 3, 2027.
- Responses to motions in limine: December 17, 2027.

**6. Initial Expert Designations**

Plaintiff shall designate experts and provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by April 30, 2027.

**7. <u>Responsive Expert Designations</u>**

Defendant shall designate responsive experts and provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by May 31, 2027. Any expert designated solely to rebut evidence offered by Defendant's experts shall be designated, and the required disclosures provided, by June 25, 2027.

**8. <u>Objections to Experts</u>**

All objections to experts, including motions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, shall be filed by September 24, 2027.

**9. <u>Discovery Plan and Schedule</u>**

The parties propose that fact discovery be completed by June 30, 2027, and that expert discovery be completed by August 27, 2027.

**<u>Plaintiff's Position:</u>** Plaintiff anticipates serving written discovery and taking depositions of Defendant, relevant employees and representatives, and appropriate third-party vendors. Plaintiff anticipates discovery concerning:

- The text messages sent to Plaintiff, including the dates, times, originating numbers, content, transmission records, delivery records, opt-out records, campaign identifiers, and disposition data associated with those messages.
- The identities and roles of the persons and entities that created, approved, initiated, transmitted, facilitated, or maintained records concerning the challenged messages.
- Defendant's telemarketing campaigns, customer-acquisition efforts, lead sources, recipient lists, scripts, templates, advertisements, and promotional offers.
- Each vendor, contractor, marketing company, lead generator, platform provider, carrier, or other third party involved in Defendant's telemarketing, including the parties' agreements, communications, instructions, allocation of responsibilities, and supervision.
- The source of Plaintiff's telephone number and the source, history, and chain of transmission for the telephone numbers used in the relevant campaigns.
- Defendant's policies and procedures regarding the National Do Not Call Registry, consent, established business relationships, suppression lists, internal do-not-call requests, opt-outs, and TCPA compliance.

- Defendant's process for scrubbing or comparing telephone numbers against the National Do Not Call Registry and any internal do-not-call or suppression lists.
- Records identifying other persons who received the same or substantially similar telemarketing messages.
- Defendant's factual basis and supporting records for any contention that Plaintiff or any proposed class member consented to receive the messages or had an established business relationship with Defendant.
- Defendant's control over, authorization of, supervision of, and relationship with any vendor or third party involved in the telemarketing campaign.
- The scope and size of the proposed classes, the ascertainability of class membership, and the parties' remaining claims and defenses under Federal Rule of Civil Procedure 23.
- Defendant's net worth and financial condition to the extent relevant to statutory damages, willfulness, settlement, or other issues in the case.

**Defendant's Position:** Defendant does not agree that all categories of discovery identified by Plaintiff are relevant, proportional, or appropriate at this stage and reserves all objections under the Federal Rules of Civil Procedure, including objections concerning relevance, proportionality, burden, confidentiality, the appropriate scope of class discovery, and discovery directed to Defendant's financial condition. Defendant further objects to discovery concerning its net worth or financial condition absent a showing that such discovery is relevant and proportional to a claim or defense under Rule 26(b)(1). Defendant specifically does not agree that its financial condition is discoverable merely because it may bear on settlement.

Defendant anticipates serving written discovery and taking the deposition of Plaintiff and, as appropriate, third parties with knowledge relevant to Plaintiff's claims and proposed classes. Defendant anticipates taking discovery concerning Plaintiff's claims, telephone usage, National Do Not Call Registry registration, alleged damages, consent, prior dealings with Defendant, proposed class allegations, and Plaintiff's adequacy and typicality as a proposed class representative. Defendant anticipates discovery concerning:

- Plaintiff's alleged receipt of the text messages at issue, including the device and telephone number on which the messages were received;
- Plaintiff's registration of her telephone number on the National Do Not Call Registry and her use of that number for residential, personal, business, or other purposes;
- Plaintiff's communications, interactions, and prior dealings with Defendant or any third party allegedly involved in the communications at issue;
- Plaintiff's consent to receive communications and the source and circumstances under which Plaintiff's telephone number was provided or obtained;
- Plaintiff's alleged injuries and damages and the factual basis for the relief she seeks;
- Plaintiff's receipt of, response to, and handling of the communications at issue, including any opt-out or other requests;
- The factual basis for Plaintiff's individual TCPA and Texas-law claims;
- Individualized issues affecting Plaintiff and proposed class members, including consent, established business relationships, telephone-number usage, registration on the National Do Not Call Registry, and other facts or defenses bearing on whether the requirements of Rule 23 are satisfied;
- The factual basis for Plaintiff's contention that Defendant is responsible for communications allegedly transmitted by any third party; and
- Plaintiff's ability to satisfy the requirements of Federal Rule of Civil Procedure 23, including whether Plaintiff is an adequate and typical representative of the proposed classes, as well as the requirements of numerosity, commonality, predominance, and superiority.

**10. Discovery Limitations**

**Plaintiff's Position:** Plaintiff proposes that each side be permitted to serve no more than 30 interrogatories, including discrete subparts, and 50 requests for admission, excluding requests directed solely to the authenticity or admissibility of documents. Plaintiff does not propose a numerical limit on requests for production. The parties propose that each side be permitted up to 10 depositions, excluding expert depositions, third-party records depositions, and depositions taken solely to authenticate records. A deposition conducted under Federal Rule of Civil Procedure 30(b)(6) shall count as one deposition regardless of the number of designees produced. The parties

may modify these limits by written agreement. If the parties cannot agree, either party may seek relief from the Court upon a showing of good cause.

**<u>Defendant's Position:</u>** Defendant proposes that the presumptive discovery limits set forth in the Federal Rules of Civil Procedure apply and does not believe Plaintiff has shown a need at this stage to expand or modify those limits. Requests for production should be governed by Rule 26(b)(1), including its relevance and proportionality requirements. The parties may modify applicable discovery limits by written agreement or seek appropriate relief from the Court upon a showing of good cause.

**11. <u>Trial Date, Length, and Jury Demand</u>**

The parties propose that this case be placed on the Court's February 7, 2028 trial docket. Plaintiff properly demanded a jury trial. The parties estimate that trial will require ten days, excluding jury selection.

**12. <u>Further Settlement Negotiations</u>**

The parties have begun settlement negotiations and intend to continue those discussions. No settlement has been reached. Defendant believes early resolution may avoid substantial class-discovery costs and is willing to participate in mediation before completion of discovery if doing so would facilitate resolution. If the matter is not resolved earlier, the parties propose completing mediation no later than July 16, 2027. Consistent with the Court's Order, the parties do not disclose settlement figures in this Report.

**13. <u>Rule 26(a) Disclosures</u>**

No party asserted an objection to the disclosures required by Federal Rule of Civil Procedure 26(a)(1). The parties will exchange such information by October 15, 2026. The parties

propose that the disclosures required by Federal Rule of Civil Procedure 26(a)(3) be served by December 3, 2027, with objections served by December 17, 2027.

**14. <u>Consent to Proceed Before a Magistrate Judge</u>**

The parties do NOT consent to trial before a United States Magistrate Judge.

**15. <u>Alternative Dispute Resolution</u>**

The parties are willing to participate in mediation. Defendant believes mediation may be productive before the completion of discovery and may avoid substantial class-discovery costs. If the matter is not resolved earlier, the parties propose completing mediation by July 16, 2027, before the deadline for dispositive motions.

**16. <u>Other Scheduling and Discovery Proposals</u>**

The parties propose negotiating and submitting an agreed protective order governing confidential information. The parties further propose meeting and conferring regarding the preservation, collection, format, and production of electronically stored information, including native campaign data, messaging-platform exports, database records, audit logs, metadata, and information maintained by relevant vendors. Plaintiff proposes that electronically stored call and messaging data be produced in native or reasonably usable structured form, with available metadata and field definitions, rather than solely through screenshots or static PDF files. Defendant agrees to meet and confer regarding ESI but reserves all objections concerning relevance, proportionality, burden, accessibility, possession, custody or control, and the appropriate form of production.

**17. <u>Other Relevant Matters</u>**

Defendant has filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6), which is fully briefed. *See* ECF Nos. 20, 21 and 23. Defendant maintains that

resolution of the Motion may substantially narrow or dispose of the claims and issues requiring discovery.

Date: September, 2026.

Respectfully submitted,

**PARONICH LAW, P.C.**

*/s/ Anthony Paronich*
Anthony Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*/s/ Sharon K. Campbell*
Sharon K. Campbell
State Bar # 03717600
6220 Campbell Rd, Suite 300
Dallas, Texas 75248
Telephone: 214-351-3260
Sharon@SharonKCampbell.com
***Attorneys for Plaintiff***

-and-

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Earl L. Ingle*
**Earl L. Ingle**
Texas Bar No. 24097234
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: 713.222.1470
eingle@munsch.com

-and-

**Jenniffer Cabrera** (*pro hac vice*)
J. Cabrera Law, P.A.
1825 NW Corporate Blvd, Ste. 110
Boca Raton, Florida 33431
Telephone: 561-834-0883
jc@jcabreralaw.com
***Attorneys for Defendant***

**OF COUNSEL:**

**MADDISON CRAIG**
**MUNSCH HARDT KOPF & HARR, P.C.**
Texas Bar No. 24137348
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Phone: (214) 855-7570
Fax: (214) 855-7584
mcraig@munsch.com

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system on September 24, 2026.

*/s/ Jenniffer Cabrera* (*pro hac vice*)
Jenniffer Cabrera